## PARTRIDGE *vs.* COLBY and NASON.

A note, made by C. and payable to N. or bearer, was, before maturity, offered to the plaintiff by N. in part payment for a horse. The plaintiff refused to receive it unless N. would indorse it, or guaranty the payment, or put his name to it; whereupon N. signed his name, under C.'s, and delivered the note to the plaintiff. *Held,* that he thereby made himself jointly liable with C. as *maker*, and that an action could be maintained by the plaintiff against both.

APPEAL by the defendant Nason, from a judgment entered upon the report of a referee.

*A Thorn*, for the plaintiff.

*P. G. Parker*, for the appellant.

*By the Court,* MARVIN, P. J.    The action is upon a note in these words: "For value received, I promise to pay C. W. Nason, or bearer, sixty-five dollars, in six months from date, and use, at my house." Signed, W. Colby, Charles W. Nason.

Colby made no defense.    The defendant Nason is the same person mentioned in the note as payee.    He defends.    On the trial he offered to prove that the note was made by Colby on the day of its date, and delivered to him, Nason, in part payment of a pair of horses; that subsequently, and before the maturity of the note, he, N., purchased a horse of the plaintiff, and offered the note to the plaintiff in part payment; that the plaintiff refused to receive it unless Nason would indorse it, or guaranty the payment, or put his name to it; and that thereupon he, N., signed his name under Colby's, and delivered the note to the plaintiff in part payment for the horse.    This evidence was excluded as immaterial, and the defendant excepted. The question is, whether the evidence offered would have established a defense?

Nason's counsel insists that he was not a joint maker of the note; that his contract was several, and that this action cannot be maintained; that not being sued as guarantor, there can be no recovery.    Also, that N. was an indorser, and not having been

charged as such, there can be no recovery. The counsel cites no authorities.

I have found no case in its facts like the present, but it seems to me there is little difficulty in the case. The note, in the hands of Nason, was a note against Colby only; it was payable to Nason or *bearer*. It was negotiable by delivery. Had Nason delivered the note to the plaintiff in part payment for the horse, the plaintiff would, as the bearer, have had a good title to the note. It would have been the several note of Colby. Now what objection was there to Nason signing the note, and thus making himself jointly liable as maker, with Colby, to the *bearer?* I can see no objection. He could become surety in this form for the payment of the note, not at the request of Colby, but at the instance of the plaintiff, or at his own instance; and as to the *bearer* of the note, he was a joint and several contractor with Colby. The case is not like a numerous class of cases in this state, most of which are noticed in *Durham* v. *Manrow,* (2 *Coms.* 533,) and in notes to *Story on Prom. Notes,* §§ 59, 476.

The judgment should be affirmed.

[ERIE GENERAL TERM, January 22, 1855. *Marvin, Bowen* and *Greene,* Justices.]

