(June 7, 1948.)

In the Matter of the Arbitration between WESTERN UNION TELEGRAPH COMPANY, Appellant, and AMERICAN COMMUNICATIONS ASSOCIATION, C. I. O., Respondent.

In the Matter of the Application of WESTERN UNION TELEGRAPH COMPANY, Appellant, to Vacate an Award of Arbitration.

AMERICAN COMMUNICATIONS ASSOCIATION, C. I. O., Respondent.

*Per Curiam.* The award rendered by the arbitrator must be set aside on the ground that the arbitrator exceeded the powers conferred upon him, and, on the further ground that the controversy submitted to arbitration involved the right of telegraph employees to conduct themselves in a manner expressly forbidden by statute.

The dispute which the arbitrator was called upon to resolve was whether the employees' refusal to handle messages going to or coming from international companies, whose employees were on strike, violated section 31 of the collective bargaining agreement which prohibited " stoppages of work " during the life of the contract. The power of the arbitrator to determine that issue was limited by subdivision (a) of section 6 of the agreement which denied him " the authority to alter or modify any of the express provisions of the contract ".

The refusal by the employees to perform work ordinarily required of them was clearly a work stoppage. The employees remained idle during the time that they should have been handling the so-called " struck traffic " and the reception or transmission of those messages were neglected or delayed. Although the arbitrator found that such conduct on the part of the employees was a violation of the express provisions of the contract he justified their action upon an alleged practice in the industry recognizing their right so to do. Having found no ambiguity in the agreement the arbitrator should not have based his award upon any practice which may have existed. In so doing he exceeded his authority by reading into the contract an exception to " work stoppage " to which the parties had not agreed. The arbitrator recognized the modification of the agreement effected by his award and found it necessary to provide that the employer might make appropriate deductions from the salary of those employees who would not be occupied full time because of their unwillingness to handle " struck traffic ". That provision is a further modification which impinges upon the wage and hour provisions of the collective bargaining agreement.

Moreover, apart from the arbitrator's assumption of powers expressly denied to him the award should be vacated on the further ground that it sanctions violations of the criminal laws of the State of New York. Sections 552 and 1423 of the Penal Law make it a crime punishable by fine and imprisonment for any employee of a telegraph company to wilfully delay messages or " wilfully refuse or neglect duly to transmit or deliver messages ". The employees here involved were not on strike. They were on the job at their various stations and by law were required to faithfully and diligently perform their duties in the handling of messages which came to them in the course of their employment. Since the arbitrator's award tends to condone and encourage the commission of illegal acts, judicial assistance or recognition should not be given to it.

The order, so far as appealed from, should be reversed, with $20 costs and disbursements to the appellant, the motion to confirm the award denied and the motion to vacate the award granted.

Glennon, Cohn and Callahan, JJ., concur; Shientag, J., dissents and votes to affirm.

Order, so far as appealed from, reversed, with $20 costs and disbursements to the appellant, the motion to confirm the award denied and the motion to vacate the award granted. Settle order on notice.