■ PHARMACEUTICAL HORIZONS, INC., Respondent-Appellant, v STERLING DRUG, INC., Appellant-Respondent.—Order of the Supreme Court, New York County (Alfred M. Ascione, J.), entered June 6, 1986, which granted defendant-appellant-cross-respondent Sterling's motion pursuant to CPLR 3212 for summary judgment to the extent of dismissing the second and third causes of action and which denied Sterling's motion to dismiss the first cause of action, unanimously modified, on the law, to dismiss the first cause of action and otherwise affirmed, without costs.

This action arose out of a license agreement between plaintiff-respondent-cross-appellant Pharmaceutical Horizons,

Inc. and defendant-appellant-cross-respondent Sterling Drug, Inc. In approximately 1980, Horizons sought a manufacturer for a new form of analgesic. The product would create a heating sensation to relieve arthritis and muscular pain, similar to Ben-Gay, but in the shape of a stick deodorant. At the time, no other company marketed such a product.

Horizons provided information allowing Sterling to evaluate the product's potential and signed an agreement whereby Sterling could develop and market the product. Sterling agreed to pay Horizon 5% of net sales of the product over a period of time and up to a certain amount. Sterling never manufactured the product. Horizons sued Sterling for breach of contract, fraud and conversion. Supreme Court granted Sterling's summary judgment motion to the extent of dismissing the fraud and conversion actions, but denied the motion as to breach of contract. We modify so as to also dismiss the breach of contract action.

Horizons cites *Wood v Duff-Gordon* (222 NY 88) to support the proposition that Sterling, by accepting the exclusive agreement to evaluate and develop the product, impliedly agreed to market that product. *Wood,* however, dealt with an endorsement of clothing, as opposed to the instant case which involved a nonexistent type of product requiring research. The cases are not comparable, and *Wood* is, therefore, inapposite.

Additionally, Horizons' brief insinuates Sterling created the product, but failed to market it, and this failure constitutes a lack of good faith. Horizons, however, did not put forth any cogent evidence to support a finding that Sterling may have created the product. Horizons had a duty to lay bare its proof with evidence sufficient to raise a triable issue of fact. *(Smith v Johnson Prods. Co.,* 95 AD2d 675; *Freedman v Chemical Constr. Corp.,* 43 NY2d 260.) Instead, they recited inconclusive statements by Sterling executives.

Finally, when, as here, the court can determine the parties' intent by looking at the agreement, the issue is one of law and should be decided by summary judgment. *(805 Third Ave. Co. v M.W. Realty Assocs.,* 58 NY2d 447; *see, West, Weir & Bartel v Carter Paint Co.,* 25 NY2d 535, 540.) The dispute between Sterling and Horizons centers on two sections of their agreement. One section obligates Sterling to pay royalties to Horizons. The other section gave Sterling the right to terminate the agreement anytime before it accrued royalties which it would owe Horizons. In the absence of a triable issue of fact as to whether Sterling created the product, and inasmuch as a product was never marketed, Sterling's obligation to pay

royalties never ripened. Furthermore, because no royalties accrued, Sterling maintained the right of termination. Concur—Murphy, P. J., Kupferman, Sullivan, Asch and Ellerin, JJ.