■ ERNEST MAZZOLA, Respondent, v COUNTY OF SUFFOLK et al., Appellants.—In an action for, *inter alia,* rescission of a contract for the sale of real property, the defendants appeal from an order and judgment (one paper) of the Supreme Court, Suffolk County (Fierro, J.), entered August 21, 1987, which (1) granted the plaintiff's motion for summary judgment and directed rescission of the contract and the return of the plaintiff's $16,200 down payment, and (2) denied the defendants' cross motion for summary judgment.

Ordered that the order and judgment is affirmed, with costs.

It is the primary rule of construction of contracts in this State that "when the terms of a written contract are clear and unambiguous, the intent of the parties must be found therein" *(Nichols v Nichols,* 306 NY 490, 496). The words and phrases used in an agreement must be given their plain meaning so as to define the rights of the parties *(see, Laba v Carey,* 29 NY2d 302; *Levine v Shell Oil Co.,* 28 NY2d 205), and in this regard, it is common practice for the courts of this State to refer to the dictionary to determine the plain and ordinary meaning of words to a contract *(see, Allied Chem. Corp. v Alpha Portland Indus.,* 58 AD2d 975). At bar, the trial court properly determined that the contractual language is clear and unambiguous, and that the ordinary dictionary definitions for the terms "condemned" and "condemnation", as used in paragraph 15, operate to trigger the plaintiff's entitlement to a refund of his down payment under the circumstances of this case. Inasmuch as it is a well-established rule of contract law that a contract must be construed most strongly against the party who prepared it *(see,* 22 NY Jur 2d, Contracts, § 228; *McRory v Craft Architectural Metals Corp.,* 112 AD2d 358; *Diodato v Eastchester Dev. Corp.,* 111 AD2d 303), there can be no doubt that if the defendants herein intended a more specific, limited, or narrower meaning for the terms used, then the burden was upon them, as drafters of the contract, to so specify, and their failure to do so must not operate to the plaintiff's detriment.

We have reviewed the defendants' remaining contentions, and agree with the trial court that no issues of fact were raised which would preclude the granting of summary judgment. Mangano, J. P., Bracken, Spatt and Harwood, JJ., concur.