Fred R. AMSLER, Jr., Plaintiff,

v.

CORWIN PETROLEUM CORP., Terence Corwin, Michael Corwin, William Worthington, Techwell Inc., and Darus Zehrbach, Defendants.

No. 86 Civ. 3722 (DNE).

United States District Court, S.D. New York.

July 5, 1989.

Leaf, Sternklar, & Drogin, New York City (Toni Robinson, of counsel), for plaintiff.

McPhillips & Brady, P.C., Mineola, N.Y. (Fred N. Perry and Donna Brady, of counsel), for defendants Corwin Petroleum Corp., Terence Corwin and Michael Corwin.

William Worthington, pro se.

## MEMORANDUM & ORDER

EDELSTEIN, District Judge:

The plaintiff, Fred R. Amsler, Jr. ("Amsler"), has filed an eight-count amended complaint in the above-captioned action alleging claims under Sections 12(2) and 17(a) of the Securities Act of 1933, Section 10(b) of the Securities Exchange Act of 1934, Rule 10b–5 of the Securities Exchange Commission, the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 *et seq.*, Sections 352–c and 339–a of the New York General Business Law, and common law principles of contract and fiduciary duty. Corwin Petroleum, Terence Corwin, and Michael Corwin ("Corwin Defendants") have moved this court for an order dismissing Count

Three of the amended complaint, the RICO claim, for failure to state a cause of action. The plaintiff has moved for an order pursuant to Fed.R.Civ.P. 56 granting him summary judgment against the Corwin defendants and an order pursuant to Fed.R.Civ.P. 37(b) striking defendant William Worthington's answer for failure to obey discovery orders.

## I. MOTION TO DISMISS RICO CLAIM

The Corwin defendants contend that the amended complaint fails to state a RICO claim against them because it alleges a single scheme, which they urge is insufficient to establish a "pattern of racketeering" under the RICO statute. In addition, the Corwin defendants contend that the allegations are insufficient because they do not specify the role of each defendant in the alleged RICO enterprise.

RICO proscribes participation in the affairs of an enterprise affecting interstate commerce through a pattern of racketeering activity. 18 U.S.C. § 1962(c). The statute provides that "a pattern of racketeering requires at least two acts of racketeering activity." 18 U.S.C. § 1961(5). Because the "definition" of "a pattern of racketeering activity" states the necessary but not the sufficient conditions for establishing that element, courts have differed on what a "pattern" requires. The Second Circuit and more recently, the Supreme Court of the United States, however, have definitively resolved the problematic definition of "a pattern of racketeering." *See United States v. Indelicato*, 865 F.2d 1370 (2d Cir.1989); *Beauford v. Helmsley*, 865 F.2d 1386 (2d Cir.1989); *H.J. Inc. v. Northwestern Bell Tel. Co.*, —— U.S. ——, 109 S.Ct. 2893, 106 L.Ed.2d 195 (1989).

Both the Second Circuit and Supreme Court have unequivocally held that a "pattern" does not require proof of multiple schemes. *Indelicato, supra,* 865 F.2d 1383; *Beauford, supra,* 865 F.2d at 1391; *H.J. Inc.,* —— U.S. at ——, 109 S.Ct. at 2897. The touchstone of the analysis, as the Supreme Court first enunciated in *Sedima, S.P.R.L. v. Imrex Co.,* 473 U.S. 479, 105 S.Ct. 3275, 87 L.Ed.2d 346 (1985), is

continuity plus relationship. A plaintiff must first show that at least two acts of racketeering were committed. These acts of racketeering must be related to each other such that they cannot be deemed to be isolated acts. *See H.J. Inc., supra,* —— U.S. at ——, 109 S.Ct. at 2900. If these acts are proved to be related by means of similar motive, results, victims, participants or purposes, then the relationship prong is sufficiently established.

In addition, a plaintiff must establish that the acts constitute a threat of continuing racketeering, which the Supreme Court has defined as either repeated conduct over a determinate period of time, or past conduct "that by its nature projects into the future with a threat of repetition." *H.J., Inc., supra,* —— U.S. at —— ——, 109 S.Ct. at 2897. Continuity may be inferred from all the surrounding circumstances, including particularly the acts of racketeering themselves or the nature of the enterprise. For instance, certain acts of racketeering by their nature suggest a threat of continuity. Alternatively, the nature of the enterprise's business or modus operandi may suggest a threat of continuing acts of racketeering.

■ Applying these principles to the case at bar, the court must reject the Corwin defendants' challenge to Count Three of the amended complaint. In *H.J. Inc.*, the Supreme Court expressly rejected the proposition that a civil RICO action requires proof of multiple schemes to establish a pattern or racketeering. Therefore, the amended complaint cannot be dismissed on that ground.

■ Going beyond the challenges raised by the Corwin defendants, it cannot be said that the amended complaint fails to meet the standards enunciated by the Supreme Court and the Second Circuit. Although the specific acts alleged in the amended complaint relate to the sale of an interest in one particular oil well, the complaint clearly alleges that the Corwin defendants were involved in the business of selling such interests to the general public on a continuing basis. Based on the allegations of defendants' continuing business and inten-

tional material misstatements, the court finds that the multiple acts of racketeering alleged are related to each other and that they posed a threat of continuity.

The defendants also contend that the amended complaint fails to specify the acts committed by each defendant and therefore fails to state a claim. It is not clear on what basis this argument is made. If it is an argument that the complaint fails to state a RICO claim with the specificity required by Fed.R.Civ.P. 9(b), the argument must be rejected. The amended complaint clearly and specifically states the role each defendant played in the alleged scheme. Further, the alleged acts of racketeering and fraudulent statements made by the defendants are specifically enumerated. Therefore, the amended complaint satisfies the requirements of Fed.R.Civ.P. 9(b).

If the defendants argument addresses substantive deficiencies in the amended complaint, it must also be rejected. As noted previously, the amended complaint alleges a scheme to defraud in the sale of oil wells. The role of each defendant in the organization is adequately alleged and the alleged wrongful acts, particularly the alleged material misstatements made by the defendants are specifically stated. The remaining challenges to the amended complaint must be rejected.

For the foregoing reasons defendants' motion to dismiss Count Three, the RICO claim, is denied.

## II. PLAINTIFF'S SUMMARY JUDGMENT MOTION

■ Amsler moves for an order pursuant to Fed.R.Civ.P. 56 granting him summary judgment on all claims of the amended complaint against the Corwin defendants. In order for the court to grant summary judgment, the moving party must demonstrate that there is no genuine issue as to any material fact. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970); Fed.R. Civ.P. 56(c). Accordingly, the court must view the facts in the light most favorable to the non-moving party. *See Anderson v.*

*Liberty Lobby, Inc.*, 477 U.S. 242, 248–49, 106 S.Ct. 2505, 2510–11, 91 L.Ed.2d 202 (1986). Nevertheless, the non-moving party may not simply rely on the allegations or denials of his pleadings, but must demonstrate, by sufficient evidence, specific facts showing that there are genuine issues of material fact. *Corselli v. Coughlin*, 842 F.2d 23 (2d Cir.1988). In addition, Local Civil Rule 3(g) requires the moving party to submit a statement of facts not in dispute and the non-moving party to submit a counter-statement of facts in dispute. Those facts not disputed are deemed admitted.

The plaintiff filed the requisite Rule 3(g) statement in connection with this motion, which sets forth essentially the facts alleged in the amended complaint. In addition, the plaintiff filed his own affidavit and numerous documentary exhibits to support his allegations. The Corwin defendants' opposition consists of a brief affidavit by counsel and does not include an affidavit based on personal knowledge as required by Fed.R.Civ.P. 56(e) or a counter-statement of facts in dispute as required by Rule 3(g). Accordingly, the facts set forth in the plaintiff's 3(g) statement are deemed admitted.

The defendants have failed to set forth any specific factual disputes or any evidence to support any factual disputes. Accordingly the court concludes that there are no genuine issues of material fact in dispute. Further, an examination of the extensive materials in support of the plaintiff's motion reveals that the plaintiff has demonstrated that he is entitled to judgment as a matter of law on the factual record before the court. Accordingly, plaintiff's motion for summary judgment against the Corwin defendants is hereby granted.

## III. MOTION FOR RULE 37 SANCTIONS AGAINST WILLIAM WORTHINGTON

■ Amsler also moves for an order pursuant to Fed.R.Civ.P. 37(b)(2)(C) and (D) striking the answer of defendant William Worthington for failure to obey discovery orders. The defendant concededly failed to

appear at two depositions. The first deposition was scheduled by notice of deposition. After the defendant failed to appear for that deposition, a court-ordered deposition was scheduled. This deposition was adjourned for one month by plaintiff's counsel due to a prior commitment. The defendant then failed to appear for the deposition on the adjourned date.

Worthington contends that an attorney acting on his behalf tried to contact plaintiff's counsel two days prior to the court-ordered deposition to seek an adjournment because of a prior commitment, and that the attorney actually spoke with plaintiff's counsel the morning of the deposition. Plaintiff's counsel maintains that she was never contacted by any attorney for Worthington. The docket sheet does not reflect a notice of appearance of new counsel for Worthington.

Based on this conduct plaintiff seeks an order striking Worthington's answer and granting plaintiff summary judgment. Although striking a party's pleadings is one of the sanctions authorized by Rule 37(b), it is the most severe sanction authorized by the Rule. In light of the adjournment of the deposition date ordered by this court and the conflicting versions of the Worthington's absence from the rescheduled deposition, striking the answer is inappropriate in this case.

Nevertheless, there is no doubt that the defendant failed to comply with plaintiff's discovery request and this court's order. Plaintiff was put to expense and delay by the defendant's failure to appear for his deposition and the defendant Worthington should bear those costs. Fed.R.Civ.P. 37(b). In addition, Rule 37(b) provides that a party failing to comply with court-ordered discovery shall bear the costs caused by the failure. Accordingly, the defendant Worthington should also bear the costs incurred by plaintiff in making the instant motion for sanctions.[1]

Finally, the defendant must submit to a deposition. In light of the prior delay and difficulty in conducting that deposition the court will set the time and place of the deposition. The deposition of William Worthington will take place on July 17, 1989 at 10:00 a.m. in the United States Courthouse in New York. Further, if the defendant fails to appear for his deposition at the stated time and place, it would appear to the court that a more severe sanction, including the striking of his answer would be in order.

## CONCLUSION

For the foregoing reasons, the Corwin defendants' motion to dismiss is denied, the plaintiff's motion for summary judgment is granted, and plaintiff's motion for sanctions is granted to the extent set forth above.

SO ORDERED.

---

**1.** The defendant is to pay the reasonable cost incurred by plaintiff in preparing that part of the instant motion that addresses Worthington's discovery failures, and shall not include the costs involved in preparing the motion for summary judgment against the Corwin defendants.