■ STUART SUPER, Appellant, v AUGUST M. LUX, Respondent. —Order of the Supreme Court, New York County (Herman Cahn, J.), entered on or about December 1, 1988, which granted defendant's motion to dismiss plaintiff's complaint and for summary judgment on defendant's counterclaim and which denied plaintiff's motion for summary judgment, is unanimously affirmed, without costs.

Plaintiff as seller and defendant as purchaser entered into a written contract for the sale of certain property located in Westhampton Beach. The contract was contingent on purchaser obtaining a mortgage from a lending institution of his choice. Purchaser made prompt application to a bank which denied him a mortgage on the ground that the property was in a flood-hazard area. Following written notice that a bank had rejected the purchaser's application the seller offered to give him a purchase-money mortgage. The purchaser was under no obligation to accept this proposal as the contract specified a mortgage from a lending institution *(Glassman v Gerstein,* 10 AD2d 875). Nor did the purchaser have to apply to a local lending institution that seller asserted would give a mortgage as the contract was clear that the purchaser need only apply to one lending institution of his selection.

"[W]hen, as here, the court can determine the parties' intent by looking at the agreement, the issue is one of law and should be decided by summary judgment." *(Pharmaceutical Horizons v Sterling Drug,* 127 AD2d 514, 515, *lv dismissed* 69 NY2d 984.)

Summary judgment was properly granted on the ground that there are no triable issue of fact. (CPLR 3212.) Concur—Murphy, P. J., Sullivan, Ross, Kassal and Smith, JJ.