**BATTERY ASSOCIATES, INC., Plaintiff,**

**v.**

**J & B BATTERY SUPPLY, INC., Robert M. Bachman and Janet E. Bachman, Defendants.**

**No. 96 CV 2087(ADS).**

United States District Court, E.D. New York.

Nov. 15, 1996.

Menaker & Herrmann by Michiel A. Bloemsma, New York City, for Plaintiff.

Michael W. Holland, Williston Park, New York, for Defendants.

## MEMORANDUM DECISION AND ORDER

SPATT, District Judge.

This diversity action was commenced by the plaintiff, Battery Associates, Inc. ("Battery" or "plaintiff"), on April 26, 1996, to recover a debt allegedly owed by the corporate defendant J & B Battery Supply, Inc. ("J & B" or "corporate defendant") and on a personal guaranty signed on June 13, 1988 by the individual defendants, Robert M. Bachman ("Robert") and Janet E. Bachman ("Janet") (collectively "Bachmans" or "indi-

vidual defendants"). The plaintiff's first four causes of action are as follows: (1) under the Uniform Commercial Code ("UCC") for goods delivered and sold; (2) for breach of contract; (3) on an "account stated" basis; and (4) for anticipatory breach of contract. The fifth cause of action is against the individual defendants Robert and Janet, as guarantors of the liability of the corporate defendant. Neither of the guarantors have made any payments under the guaranty.

On September 10, 1996, the corporate defendant, J & B, filed a petition under Chapter 7 of the Bankruptcy Code. Because of the Bankruptcy Court action and the automatic stay provision of 11 U.S.C. § 362(a), the plaintiff cannot proceed against the corporate defendant at this time.

Therefore, the only matter presently before the Court is the plaintiff's motion for summary judgment pursuant to Fed.R.Civ.P. 56(c) with regard to the fifth cause of action set forth in the complaint against the individual defendants as guarantors of the contract between Battery and J & B for the recovery of the sum of $345,122.59 plus interest, costs and disbursements related to this action and, reasonable attorneys' fees.

## I. *Background*

### A. *The Parties*

The plaintiff, Battery Associates, Inc., is a Delaware corporation engaged in the nationwide distribution of automotive products and accessories, including batteries, with its principal place of business in Memphis, Tennessee. The corporate defendant, J & B Battery Supply, Inc., is a New York corporation engaged in the business of selling automotive products and accessories with its primary place of business located in Farmingdale, New York. The individual defendants, Robert and Janet, are the sole shareholders of J & B and, at the inception of this suit, resided in East Norwich, New York. Subsequently, the Bachmans moved to Lilburn, Georgia.

### B. *Jurisdiction*

Personal jurisdiction over the individual defendants was contested by the Bachmans in their memorandum of law submitted to the

Court on July 22, 1996. Accordingly, the matter was referred to United States Magistrate Judge E. Thomas Boyle for a Report and Recommendation on the question of personal jurisdiction as well as an issue relating to the defendants' attempt to frustrate the collection of a potential judgment by Battery. Subsequently, J & B advised the Court that it did not object to the issuance of a preliminary injunction ordering the placement of all proceeds received by the corporate defendant from the sale, transfer, or other distribution of J & B's assets and inventory into an escrow account, provided that the corporate defendant is permitted to make expenditures for ordinary business expenses and to sell trucks and equipment located on Long Island as presently provided for in the Temporary Restraining Order dated August 23, 1996. The plaintiff agreed to this arrangement.

On September 16, 1996, Judge Boyle issued a Report and Recommendation, finding jurisdiction over Janet pursuant to New York CPLR § 308(4), but also finding that service on Robert was defective due to a lack of due diligence. Judge Boyle did, however, recommend that the plaintiff be granted an additional thirty days to effect proper personal service on Robert.

The plaintiff then properly reserved the summons and complaint pursuant to New York CPLR § 308(2) on Robert on September 20, 1996, within the thirty-day period. Therefore, this Court has personal jurisdiction over both Robert and Janet.

### C. *Relationship Between the Parties*

For the period of April 1988 to April 1996, Battery and J & B have had a business relationship in which the plaintiff sold and delivered goods to the corporate defendant. The parties agreed that a finance charge would be imposed on any past due accounts in the amount of two percent over the prime rate announced from time to time by the First Tennessee Bank. On or about June 13, 1988, the Bachmans signed a guaranty under which they agreed to pay amounts due to Battery in the event of J & B's default in payment. The individual guaranty states:

In consideration of giving of credit to J & B Battery Supply, Inc. of Mineola, New York (referred hereinafter as the "Debtor"), and other good and sufficient consideration to the undersigned accruing, the undersigned hereby gives this Continuing Guaranty to BATTERY ASSOCIATES, INC., (referred to hereinafter as the "Creditor"), including residence located at 204 Radcliff Drive East Norwich, New York 11732 (this property has not been declared a homestead) for the payment in full, together with all interest, fees and charges of whatsoever nature and kind, of any and all indebtedness of the said Debtor to the said Creditor, whether on open account or evidenced by note, secured or unsecured, due and owing at the present time, or that may hereafter be due and owing by said Debtor to the said Creditor, and it is further agreed that is said bills are not paid when due, the undersigned will pay the same upon notice and demand.

It is specifically understood and agreed that the said Creditor shall not be required to exhaust its legal remedies for recovery and collection against the said Debtor before looking to the undersigned for payment of this account, but that if the account is not paid when due, said Creditor may, at once, notify the undersigned, and upon receipt of such notice that the said account is past due and unpaid, the undersigned assumes liability therefore and agrees to pay the same without delay or defalcation.

It is distinctly understood and agreed that said Creditor may enter suit against the undersigned for the recovery of the entire amount of said indebtedness hereby secured, and may recover judgment therefore against the undersigned. It is also understood and agreed that in that event the said Creditor commences such suit then and in that event the undersigned shall pay for the cost of suit and attorneys' commissions for collection in addition to the indebtedness hereby secured.

The undersigned hereby waives notice of the acceptance of this guaranty, notice of demand and maturity of payments to become due, notice of default in payment of said Debtor, and all such notices required or customarily given under like circumstances. It is also specifically understood and agreed that the undersigned expressly consents that the time of payment of any indebtedness hereby secured may be extended, and that the said Creditor may at any time require and accept other security of any nature whatsoever from said Debtor without notice to or consent from the undersigned.

The undersigned for himself, his estate, successors and assigns, agrees that he is financially interested in the said Debtor and agrees to be held responsible for said obligations, precisely as if the same had been contracted and due and owing by the undersigned himself, and agrees to pay said obligations on demand, for any balance that may be due and payable at any time for the goods sold and shall extend to and cover all renewals for any claims or demands guaranteed under this instrument, or the extension of time of payment thereof.

On or about April 5, 1996, Battery sent to J & B a statement dated March 31, 1996, showing an account balance of $352,095.32, consisting of a past due amount of $331,265.18, and a current balance due of $13,857.41, in addition to a balance of $6,472.00 due May 20, 1996. Battery asserts that the March 31, 1996 statement was received and accepted by J & B. In addition, the plaintiff states that it sent the defendants two more invoices dated April 1, 1996 in the amounts of $44.96 and $20,886.87, both due June 20, 1996. The plaintiff alleges that the guaranty signed by the Bachmans imposes joint and several liability on the guarantors for J & B's debts to Battery. According to the plaintiff, on April 22, 1996, Battery sent a letter to the Bachmans demanding payment of the amount then outstanding in the sum of $345,122.59. Battery states that the individual defendants have refused to pay the amount demanded.

The plaintiff now moves this Court for summary judgment pursuant to Fed.R.Civ.P. 56(c) on the guaranty claim against the individual defendants in the amount of $345,122.59 as set forth in the fifth cause of action

in Battery's Complaint. As mentioned above, the corporate defendant has filed for protection under the bankruptcy law and, as a result, the automatic stay provision of 11 U.S.C. § 362(a) precludes the plaintiff from proceeding against the corporate defendant.

## II. *Discussion*

### A. *Motion for Summary Judgment*

A court may grant summary judgment "only if the evidence, viewed in the light most favorable to the party opposing the motion, presents no genuine issue of material fact," *Cable Science Corp. v. Rochdale Village, Inc.,* 920 F.2d 147, 151 (2d Cir.1990), and the movant is entitled to judgment as a matter of law. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986); *see also* Fed.R.Civ.P. 56(c) (summary judgment standard). The court must, however, resolve all ambiguities and draw all reasonable inferences in the light most favorable to the party opposing the motion. *See Quaratino v. Tiffany Co.,* 71 F.3d 58, 64 (2d Cir.1995); *Twin Lab., Inc. v. Weider Health & Fitness,* 900 F.2d 566, 568 (2d Cir.1990); *Knight v. U.S. Fire Ins. Co.,* 804 F.2d 9, 11 (2d Cir.1986), *cert. denied,* 480 U.S. 932, 107 S.Ct. 1570, 94 L.Ed.2d 762 (1987).

According to the Second Circuit "[s]ummary judgment is a tool to winnow out from the trial calendar those cases whose facts predestine them to result in a directed verdict." *United Nat'l Ins. Co. v. The Tunnel, Inc.,* 988 F.2d 351, 355 (2d Cir.1993). Once a party moves for summary judgment, in order to avoid the granting of the motion, the non-movant must come forward with specific facts showing that a genuine issue for trial exists. *See Western World Ins. Co. v. Stack Oil, Inc.,* 922 F.2d 118, 121 (2d Cir.1990) (quoting Fed.R.Civ.P. 56(e)); *see also Nat'l Union Fire Ins. Co. v. Turtur,* 892 F.2d 199, 203 (2d Cir.1989). A genuine issue of material fact exists if "a reasonable jury could return a verdict for the nonmoving party." *Liberty Lobby,* 477 U.S. at 248, 106 S.Ct. at 2510; *see Vann v. New York City,* 72 F.3d 1040, 1048 (2d Cir.1995).

Mere conclusory allegations, speculation or conjecture will not, however, avail a party resisting summary judgment. *See Western World,* 922 F.2d at 121. If there is evidence in the record as to any material fact from which an inference could be drawn in favor of the non-movant, summary judgment is unavailable. *See United Nat'l,* 988 F.2d at 354–55; *Rattner v. Netburn,* 930 F.2d 204, 209 (2d Cir.1991). Finally, the court is charged with the function of "issue finding," not "issue resolution." *Gallo v. Prudential Residential Servs., Ltd. Partnership,* 22 F.3d 1219, 1224 (2d Cir.1994).

It is within this framework that the Court addresses the grounds for the present motion for summary judgment.

### B. *The Guaranty*

The plaintiff contends that it is entitled to summary judgment because the Court has personal jurisdiction over both Janet and Robert, and there are no issues of fact regarding the joint and several liability of the individual defendants on the Guaranty, and that they both expressly waived notice of default in the guaranty. Additionally, Battery asserts that because the Bachmans did not raise a defense on the merits in their Local Rule 3(g) counter-statement, in particular, on the issue of the Guaranty, the material statements in the plaintiff's Rule 3(g) statement should be deemed to be admitted.

The individual defendants assert two grounds upon which they urge this Court to deny the plaintiff's motion for summary judgment. First, the Bachmans argue that their liability under the guaranty is limited to the amount noticed and demanded and that such notice is lacking in this case. Second, the defendants contest the plaintiff's claim that the guaranty imposes joint and several liability and, instead, argue that joint liability is provided for under the guaranty.

As this Court has previously recognized, "[i]n construing contractual provisions, the Court must first determine whether the language at issue is ambiguous." *Tucker Leasing Capital Corp. v. Marin Med. Management, Inc.,* 833 F.Supp. 948, 955 (E.D.N.Y.1993) (citing *Barbier v. Shearson*

*Lehman Hutton, Inc.,* 752 F.Supp. 151 (S.D.N.Y.1990)). This is a question of law. *Curry Road Ltd. v. K Mart Corp.,* 893 F.2d 509, 511 (2d Cir.1990). "Under New York law, if a contract is unambiguous on its face, the 'parties' rights under such contract should be determined solely by the terms expressed in the instrument itself "rather than from extrinsic evidence as to terms that were not expressed or judicial views as to what terms might be preferable."'" *Care Travel Co. v. Pan Am. World Airways, Inc.,* 944 F.2d 983, 987–88 (2d Cir.1991) (quoting *Metropolitan Life Ins. Co. v. RJR Nabisco, Inc.,* 906 F.2d 884, 889 (2d Cir.1990)).

In discussing the issue of ambiguity, the Second Circuit has stated that "[c]ontract language is not ambiguous if it has 'a definite and precise meaning, unattended by danger of misconception in the purport of the [contract] itself, and concerning which there is no reasonable basis for a difference of opinion.'" *Hunt Ltd. v. Lifschultz,* 889 F.2d 1274, 1277 (2d Cir.1989) (quoting *Breed v. Insurance Co. of North Am.,* 46 N.Y.2d 351, 355, 413 N.Y.S.2d 352, 355, 385 N.E.2d 1280, 1282 (1978)).

The Second Circuit also stated in *Walk–In Med. Ctrs. Inc. v. Breuer Capital Corp.,* 818 F.2d 260, 263 (2d Cir.1987) that a term is ambiguous when it is " 'capable of more than one meaning when viewed objectively by a reasonably intelligent person who has examined the context of the entire integrated agreement and who is cognizant of the customs, practices, usages and terminology as generally understood in the particular trade or business.'" *Id.* (quoting *Eskimo Pie Corp. v. Whitelawn Dairies, Inc.,* 284 F.Supp. 987, 994 (S.D.N.Y.1968)).

■ The determination of whether the contract language is readily susceptible to one or more interpretations is made by the court considering the contract alone. *See Burger King Corp. v. Horn & Hardart Co.,* 893 F.2d 525, 527 (2d Cir.1990); *W.W.W. Assocs. v. Giancontieri,* 77 N.Y.2d 157, 162, 565 N.Y.S.2d 440, 443, 566 N.E.2d 639, 642 (1990).

■ "A familiar and eminently sensible proposition of law is that, when parties set down their agreement in a clear, complete document, their writing should as a rule be enforced according to its terms." *W.W.W. Assocs.,* 77 N.Y.2d 157, 162, 565 N.Y.S.2d 440, 443, 566 N.E.2d 639, 642. In interpreting a contract [under the laws of New York], the intent of the parties governs. *Sheets v. Sheets,* 22 A.D.2d 176, 180, 254 N.Y.S.2d 320, 325 (App.Div. 1st Dep't 1964). The contract should be construed so as to give full meaning and effect to all of its provisions. *Trump–Equitable Fifth Ave. Co. v. H.R.H. Constr. Corp.,* 106 A.D.2d 242, 244, 485 N.Y.S.2d 65, 67 (App.Div. 1st Dep't 1983); *aff'd,* 66 N.Y.2d 779, 497 N.Y.S.2d 369, 488 N.E.2d 115 (1985). "Words and phrases . . . are given their plain meaning." *Mazzola v. County of Suffolk,* 143 A.D.2d 734, 735, 533 N.Y.S.2d 297 (App.Div.2d Dep't 1988). Rather than rewrite an unambiguous agreement, a court should enforce the plain meaning of that agreement. *See CCG Assocs. I v. Riverside Assocs.,* 157 A.D.2d 435, 440, 556 N.Y.S.2d 859, 862 (App.Div. 1st Dep't 1990).

■ Where the intent of the parties can be determined from the face of the agreement, interpretation is a matter of law and the case is ripe for summary judgment. *See Pharmaceutical Horizons v. Sterling Drug, Inc.,* 127 A.D.2d 514, 515, 512 N.Y.S.2d 30, 31 (1st Dep't 1987), *mot. for lv. dismd.,* 69 N.Y.2d 984, 516 N.Y.S.2d 1027, 509 N.E.2d 362 (1987). When an agreement's terms are clear and unambiguous, there is no need to resort to other means of interpretation to determine their meaning. *See In re Western Union Tel. Co. v. American Commun. Assn. C.I.O.,* 274 A.D. 754, 756, 79 N.Y.S.2d 545, 547 (1st Dep't 1948), *aff'd,* 299 N.Y. 177, 86 N.E.2d 162 (1949). The Court finds that this guaranty is clear and unambiguous.

The Court now turns to the specific issues raised by the motion, and in turn, discusses: (1) the defendants' contention that the plaintiff's alleged failure to provide them with notice precludes summary judgment as to the portion of the claim not noticed; and (2) the defendants' contention that joint liability, rather than joint and several liability, attached under the guaranty.

■ Preliminarily, the Court notes that the defendants' Rule 3(g) statement asserts only that the Bachmans contest this Court's jurisdiction. The defendants raise no other issues in the Rule 3(g) statement. "Any ... assertion in a movant's Rule 3(g) statement not denied in the non-movant's Rule 3(g) statement is deemed admitted for purposes of a summary judgment motion." *Seward & Kissel v. Smith Wilson Co.*, 814 F.Supp. 370, 376 (S.D.N.Y.1993); *see also Amsler v. Corwin Petroleum Corp.*, 715 F.Supp. 103, 105 (S.D.N.Y.1989). Accordingly, all statements made in the plaintiff's Rule 3(g) statement that do not relate to jurisdictional issues will be deemed admitted by the individual defendants. Notwithstanding these technical admissions, the Court will review the merits of the matter.

### 1. *Notice*

■ The guaranty signed by the Bachmans provides that if the "bills [of J & B] are not paid when due, the undersigned will pay the same upon notice and demand." Defs. Ex. D. It also states, however, that:

> [t]he undersigned hereby waives notice of the acceptance of this guaranty, notice of demand and maturity of payments to become due, notice of default in payment of [J & B], and all such notices required or customarily given under like circumstances.

*Id.*

The defendants admit, in their Answer, that Battery delivered the goods as evidenced by the March 31, 1996 statement. Defs.Answer ¶ 21. Further, the Bachmans also concede that J & B received the March 31, 1996 statement delineating the outstanding balance of $345,122.59 Defs.Answer ¶ 11. Moreover, the defendants also admit that they received the plaintiff's April 22, 1996 notice and demand letter regarding the payment of $345,122.59. Defs.Answer ¶ 16. However, the defendants contest their liability for the $6,972.73 which became due on May 20, 1996 and for the $20,886.87 which became due on June 20, 1996. The Bachmans contend that Battery failed to provide notice and demand for that amount. *Id.*

Nonetheless, even if the Bachmans received no notice or demand of the amount due as a result of J & B's default, there is liability under the guaranty. Notice is not necessary. Under the plain meaning of the guaranty, the Bachmans expressly waived the right to receive notice and demand on default. *See United States v. Birngold Realty Co.*, 211 F.Supp. 934, 940 (S.D.N.Y.1962) (finding that "notice of dishonor and default" was not required where guarantors had "explicitly waived" the right to receive such notice), *aff'd sub nom. United States v. Schildhaus*, 316 F.2d 240 (2d Cir.), *cert. denied*, 375 U.S. 830, 84 S.Ct. 75, 11 L.Ed.2d 61 (1963). It is this Court's view that because the Bachmans expressly waived the right to receive notice and demand on default, the individual defendants are liable for the amount the plaintiff contends is owed by the Bachmans pursuant to the fifth cause of action in their Complaint, namely, the sum of $345,122.59 plus interest.

■ Moreover, even if the Bachmans did not expressly waive notice in the Guaranty, the individual defendants are still liable for the outstanding balance of $345,122.59 because they had received actual notice of the amount demanded by the plaintiff. The Bachmans conceded in their Answer that Battery sent a statement dated March 31, 1996, reporting outstanding and current balances due totaling $345,122.59. The defendants also admit that they received a notice and demand letter dated April 22, 1996, requesting the remittance of the $345,122.59 balance due. Thus, under either analysis, the waiver of the notice as expressly agreed to in the Guaranty or upon actual notice and demand made upon the Bachmans as evidenced by the April 22, 1996 letter, the defendants are liable under the guaranty to the plaintiff in the sum of $345,122.59.

### 2. *Joint and several liability*

■ The only remaining issue to be decided is whether the guaranty imposes joint as opposed to joint and several liability on the individual defendants. The Bachmans contend that the guaranty imposes joint liability and rely on cases such as *Marine Trust Co. v. Richardson*, 171 Misc. 556, 12 N.Y.S.2d

834 (Sup.Ct.Erie County 1939). Despite finding joint liability, the Court in *Marine Trust* went on to state that:

> where two or more parties to a contract promise the same performance to the same promisee they incur only a joint duty unless the contrary is stated, or unless the terms of the promise or the extrinsic circumstances indicate an intention on their part to be bound severally or jointly and severally.

*Id.* at 558, 12 N.Y.S.2d at 836 (citations omitted). Generally, "joint and several liability arises when two or more persons co-sign a contract." *Marynick v. Bockelmann*, 773 S.W.2d 665, 668 (Tex.App.Dallas 1989), *rev'd on other grounds*, 788 S.W.2d 569 (Tex.1990). In addition, the defendants cite *National Surety Co. v. Seaich*, 171 A.D. 414, 157 N.Y.S. 422 (1st Dep't 1916) for the proposition that the guaranty must contain "words of severance" to impose joint and several liability. *Id.*, 157 N.Y.S. at 426. However, as the plaintiff points out, the Court in *National Surety* found that joint and several liability attached because the guaranty there, unlike the guaranty in *Marine Trust*, was worded in the singular. *National Surety*, 171 A.D. 414, 157 N.Y.S. at 426–27 ("Where the form of the contract is singular, but executed by two or more persons, it expresses the intent of the obligors to hold such promise to be joint and several, and such is the rule.") (citations omitted).

It is this Court's view that the requisite intent to be jointly and severally bound may be found where the guaranty is worded in the singular. The guaranty in the present action uses terms such as "the undersigned," "himself," and "his" and is, therefore, worded in the singular. Thus, this Court finds that the guaranty imposes joint and several liability on the defendants.

One additional point should be noted regarding liability. In her affidavit, Janet states that "[t]he petition in bankruptcy provides that the proceeds of the sale of various batteries by ... J & B are specifically due to the plaintiff ... [and] are in the possession of the Trustee." (Aff. Janet Bachman ¶ 6). Thus, Janet intimates that because the plaintiff could recover from the bankrupt estate at least a portion of the debt owed to it by J & B, the plaintiff is precluded from pursuing the guarantors. The Court disagrees.

As the District Court recently noted in *Consolidated Rail Corp. v. Primary Indus. Corp.*, 901 F.Supp. 765 (S.D.N.Y.1995), where "nothing in the guarantee requires [the plaintiff] to wait in line with other creditors to collect ... [the defendant] may not demand that [the plaintiff] first exhaust all its legal remedies." *Id.* at 770. Indeed, as the *Consolidated* court pointed out, "[t]he desire to avoid having to do so is precisely the reason why guarantees are sought in the first place." *Id.* Thus, the plaintiff is not required to wait to receive its payment through the bankruptcy process.

*CONCLUSION*

After reviewing the papers submitted by both parties, hearing oral argument, and for the reasons set forth in the record, it is hereby,

**ORDERED,** that the plaintiff's motion for summary judgment pursuant to Fed.R.Civ.P. 56 with regard to the fifth claim for relief against Robert M. Bachman and Janet E. Bachman is granted, and it is further;

**ORDERED,** that the Clerk enter judgment in favor of the plaintiff, Battery Associates, Inc., against the individual defendants Robert M. Bachman and Janet E. Bachman, in the sum of $345,122.59 plus interest, costs, and attorneys' fees; it is further

**ORDERED,** that the plaintiff submit an affidavit in support of its request for attorneys' fees on or before November 29, 1996 and the defendants shall submit opposition papers, if any, on or before December 13, 1996.

**SO ORDERED.**