■ STATE OF NEW YORK et al., Appellants, v R.J. REYNOLDS TOBACCO Co., Respondent. [761 NYS2d 596] —Order, Supreme Court, New York County (Charles Ramos, J.), entered February 5, 2002, which granted defendant's motion for summary judgment dismissing the complaint and denied plaintiffs' cross motion for summary judgment, unanimously affirmed, without costs.

The motion court found that defendant's posting of year-round signs stating "NASCAR Winston Cup Series" at racetracks where Winston Cup races take place annually between mid-February and mid-November did not violate section III (c) (3) (E) of the parties' Master Settlement Agreement (MSA), which permits such signs to be placed "no more than 90 days before the start of the initial sponsored event" and requires their removal "within 10 days after the end of the last sponsored event." We agree.

While the above-quoted language is not free from ambiguity (*see Chimart Assoc. v Paul*, 66 NY2d 570, 573 [1986]), its interpretation was nonetheless proper in the context of the parties' summary judgment motions since the court's construction did not turn on extrinsic evidence presenting credibility issues or giving rise to competing inferences (*see Amusement Bus. Underwriters v American Intl. Group*, 66 NY2d 878, 880 [1985]).

The MSA's definition of "Brand Name Sponsorship" shows that the word "event" means a race in a series such as NASCAR, not a qualifying or practice race at a particular racetrack. In addition, as the motion court noted, the parties agree that "initial sponsored event" in MSA § III (c) (2) (A)

refers to the first race of a series. The phrase should presumptively be given the same meaning in MSA § III (c) (3) (E) (*see Finest Invs. v Security Trust Co. of Rochester*, 96 AD2d 227, 230 [1983], *affd* 61 NY2d 897 [1984]; *T.R. McClure & Co., Inc. Liquidating Trust v TMG Acquisition Co.*, 1999 WL 692683, *5, 1999 US Dist LEXIS 13676, *12 [ED Pa, Sept. 7, 1999] [applying New York law]), and we do not find that the contexts of section III (c) (2) (A) and (3) (E) so differ as to warrant different interpretations of the phrase (*see White v Knickerbocker Ice Co.*, 254 NY 152, 159 [1930]).

Contrary to the arguments of plaintiffs and amici, interpreting "initial sponsored event" to mean the first race in the NASCAR Winston Cup Series subverts neither the ban on outdoor advertising in MSA § III (d) nor the MSA's objective of reducing smoking by persons under the age of 18. While section III (d) prohibits outdoor advertising of tobacco products, the signs at issue do not advertise tobacco products. Concur—Buckley, P.J., Nardelli, Andrias, Friedman and Gonzalez, JJ.