■ ELIZABETH MCMILLAN BIANCO, Appellant, v JOSEPH BIANCO, Respondent. [830 NYS2d 21]—

Orders, Supreme Court, New York County (Joan B. Lobis, J.), entered January 10, 2006 and August 23, 2006, which, in proceedings to enforce a stipulation of settlement incorporated but not merged into the parties' judgment of divorce, inter alia, (1) directed plaintiff to repay to the trusts established for the benefit of the parties' daughters (a) the monies that plaintiff took out of the trusts to purchase certain stock for the trusts, and (b) the monies that plaintiff borrowed from the trusts to purchase a house, both repayments to be made within 90 days and with interest, failing which plaintiff is to be removed as cotrustee; (2) directed that defendant's obligation to fund the trust established for the benefit of the parties' son be fixed on the basis of his "after-tax income" as reflected in his tax returns, and denied plaintiff disclosure of defendant's income with respect to the years for which he produced tax returns; and (3) directed that defendant is responsible only for that part of the daughters' boarding school expenses as is allocable to tuition, and that plaintiff is responsible for all other boarding school expenses, including room and board, unanimously affirmed, without costs.

Plaintiff's borrowing from the daughters' trusts to buy a

house in her own name, and her use of trust monies to purchase stock in the trusts' names, were investments by the trusts that violated the stipulation's unambiguous prohibition against either party making any investment decisions for the trusts without the other's prior written consent. It does not avail plaintiff to argue that she had defendant's oral consents to these transactions, and that his refusal to give written consents was pursuant to scheme to manipulate the court into removing her as cotrustee. " '[W]hen the terms of a written contract are clear and unambiguous, the intent of the parties must be found therein' " (*Mazzola v County of Suffolk*, 143 AD2d 734, 735 [1988], quoting *Nichols v Nichols*, 306 NY 490, 496 [1954]). Nor was it an improvident exercise of discretion to direct that the monies so borrowed and invested be repaid within 90 days, and that plaintiff be removed as trustee if she did not comply, where it appears that the value of the stock far exceeds its acquisition cost and the value of the house far exceeds the amount of the loans.

Concerning defendant's obligation under the stipulation to fund the son's trust at the rate of 10% of his "after-tax income," defined as "total income as reported in [his] income tax return plus all non-taxable income less income taxes paid and tax effected [*sic*] maintenance actually paid," the motion court correctly accepted at face value the income figures contained in defendant's income tax returns, and properly referred to a Special Referee any disputes concerning defendant's income in the years for which he did not produce his tax returns, as well as his nontaxable income. The son's trust, like those for the daughters, was meant to be a substitute for child support, such that disclosure into defendant's income would be warranted, contrary to the plain meaning of the stipulation, upon a showing of good grounds to suspect concealment. However, plaintiff makes no such showing.

Concerning defendant's obligation under the stipulation to pay for the children's "private school tuition," it appears that at the time of the stipulation the daughters were attending private day school but since have been attending boarding school, and the parties dispute whether "tuition" includes the portion of the boarding school's bill allocable to room and board. Words and phrases used in an agreement must be given their plain meaning, and it is common practice for courts to refer to the dictionary in determining plain meaning (*see Mazzola*, 143 AD2d at 735; *see e.g. DDS Partners v Celenza*, 6 AD3d 347, 348 [2004]). Webster's Ninth New Collegiate Dictionary (1985) defines "tuition" as "the price of or payment for instruction."

Accordingly, the motion court correctly held plaintiff responsible for any portions of the bill not allocable to instruction, including room and board (*see e.g. Best v Best*, 470 NE2d 84, 87 [Ind 1984], citing *Norrell v Norrell*, 236 Ga 797, 225 SE2d 305 [1976]). In so concluding, we have considered the fact that the boarding school's bill does not separately break down the costs of tuition and room and board. Concur—Gonzalez, J.P., Sweeny, McGuire, Malone and Kavanagh, JJ.