■ Julie Colyer, Appellant, v John Colyer, Respondent. [922 NYS2d 29]—

Order, Supreme Court, New York County (Matthew F. Cooper, J.), entered on or about July 2, 2010, which, to the extent appealed from as limited by the briefs, upon granting plaintiff's motion for an order compelling defendant to pay college and medical expenses of the parties' daughter, awarded plaintiff $20,000 in attorneys' fees, unanimously modified, on the law and the facts, to increase the award of attorneys' fees to $54,467.50 and otherwise affirmed, without costs.

Plaintiff's entitlement to attorneys' fees in connection with the instant proceeding arises not from the provisions of the Domestic Relations Law, which accords the court discretion in setting fees, but from the parties' separation agreement, which provided for defendant's full indemnification of fees if he defaulted on his obligation to pay the daughter's college expenses and certain medical expenses and it became necessary for plaintiff to bring proceedings to enforce his obligations. Thus, plaintiff is entitled to collect the full amount of her attorneys' fees in connection with the successful enforcement proceeding (see Millard v Millard, 246 AD2d 349 [1998]). Although defendant complained generally about the reasonableness of the total amount of attorneys' fees sought, he did not contend that any amounts should be excluded as unrelated to the successful portion of the application. Thus, there was no basis for reducing the total amount, which is $45,270.

Plaintiff also seeks attorneys' fees incurred, during the period after a prior award of child support arrears was issued and before the commencement of the instant enforcement proceeding, in connection with negotiations undertaken in an effort to resolve all matters. As the court found, the separation agreement only provides for attorneys' fees incurred in the bringing of an enforcement proceeding (see Nichols v Nichols, 306 NY 490, 496 [1954]; Bianco v Bianco, 36 AD3d 490, 491 [2007]). This was correctly decided.

We agree with the court's denial of plaintiff's request for an award of fees incurred in connection with other applications dating back to 2001, since plaintiff offered no adequate explanation for failing to seek those fees earlier (compare Holloway v Holloway, 307 AD2d 405 [2003]). Concur—Friedman, J.P., Sweeny, DeGrasse, Abdus-Salaam and Román, JJ.