Gorelick v Cushman & Wakefield, Inc. (2021 NY Slip Op 01323)





Gorelick v Cushman & Wakefield, Inc.


2021 NY Slip Op 01323


Decided on March 04, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 04, 2021

Before: Kern, J.P., Oing, Singh, Moulton, JJ. 


Index No. 651664/18 Appeal No. 13256 Case No. 2020-03288 

[*1]David Gorelick, Plaintiff-Respondent-Appellant,
v
Cushman & Wakefield, Inc., Defendant-Appellant-Respondent.


Ogletree, Deakins, Nash, Smoak & Stewart, P.C., New York (Robert M. Tucker of counsel), for appellant-respondent.
Law Office of Barry R. Fertel, New Rochelle (Barry R. Fertel of counsel), for respondent-appellant.



Order, Supreme Court, New York County (Saliann Scarpulla, J.), entered on 0r about April 24, 2020, which, to the extent appealed from, denied the parties' respective motions for summary judgment, unanimously affirmed, without costs.
We find the contractual provision governing severance ambiguous, since, when compared to the same language elsewhere in the contract, it could reasonably refer to plaintiff specifically or to the position for which he was hired more generally (see State of New York v R.J. Reynolds Tobacco Co., 304 AD2d 379, 380 [1st Dept 2003], lv denied 100 NY2d 510 [2003], citing Finest Invs. v Security Trust Co. of Rochester, 96 AD2d 227, 230 [4th Dept 1983], affd 61 NY2d 897 [1984]). Defendant's reference to the dictionary definition of "role" is unavailing, as the listed synonyms include "position," defendant admits that these terms are sometimes used interchangeably, and defendant previously did so when informing plaintiff that the contractual severance payment was not applicable (see Merriam-Webster Online Dictionary, role [https://www.merriam-webster.com/dictionary/role]; cf. Bianco v Bianco, 36 AD3d 490, 491 [1st Dept 2007] [reference to dictionary is common to determine "plain meaning"]). As such, the provision is "subject to more than one or conflicting reasonable interpretations, . . . requiring a trial on the parties' intent" (Berkeley Research Group, LLC v FTI Consulting, Inc., 157 AD3d 486, 489 [1st Dept 2018]).
Summary judgment to plaintiff is also not warranted, as there are triable issues of fact concerning whether his position was completely eliminated. Even though defendant delayed in seeking a replacement and assigned plaintiff's responsibilities to other executives for more than 18 months, the job search was nonetheless ongoing (compare Fifth Ave. Exec. Staffing v Virtual Communities, Inc., 2002 NY Slip Op 50082[U], *3 [App Term, 1st Dept 2002] [finding consolidation of responsibilities, when workers laid off, to be elimination of positions]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 4, 2021