■ Equities Holding Company, Respondent, v Victor K. Kiam, Appellant. — Order, Supreme Court, New York County (Sullivan, J.), entered on June 25, 1982 granting reargument and, upon such reargument, adhering to the original determination contained in the order of May 20, 1982 denying defendant's motion for a protective order, unanimously reversed, on the law and the facts and in the exercise of discretion, without costs, and defendant's motion granted; the appeal from the order of said court entered on May 20, 1982, is dismissed, without costs, as having been superseded by the appeal from the aforesaid order entered on June 25, 1982. Order, Supreme Court, New York County (Cerrito, J.), entered June 17, 1982, which granted plaintiff's motion for a protective order against defendant's request for documents is unanimously reversed, on the law and facts and in the exercise of discretion, without costs, and plaintiff's motion is denied. Order, Supreme Court, New York County (Ascione, J.), entered June 8, 1982, which granted plaintiff's motion for a protective order with respect to Items Nos. 1, 2, 5, 6 and 7 is unanimously reversed, on the law and the facts and in the exercise of discretion, without costs, and plaintiff's motion is denied. With respect to the order of May 20, 1982, which denied defendant's motion to vacate plaintiff's request for documents, such denial was error since said request sought documents of every conceivable description, without particularity or specificity as to the document sought, and was palpably improper (*Rios v Donovan*, 21 AD2d 409); nor does the fact that the action is allegedly for breach of fiduciary duty justify such an overbroad and unparticularized request. In any event it was improper to compel production of defendant's individual income tax returns. Plaintiff has not established a right to this information of a financial nature, at this stage since it has not yet established its right to an accounting. Moreover, since the *forum non conveniens* motion has already been denied, this information was not necessary on the issue of defendant's residence. Additionally, the production of financial information respecting Remington Products, Inc., a nonparty corporation of which defendant is the principal shareholder is likewise not warranted until plaintiff has established its right to an accounting,

particularly where the information sought is confidential and constitutes trade secrets or both. With respect to June 17 and June 8, 1982 orders, it was error to deny defendant access to documents for inspection and copying where those documents are directed to be used in aid of plaintiff's deposition, and otherwise are sufficiently particularized, and are material to defendant's affirmative defense that plaintiff lacked the financial capacity to acquire Remington Products Division. Concur — Sullivan, J. P., Ross, Silverman, Bloom and Alexander, JJ.