■ EQUITIES HOLDING CORPORATION, Appellant-Respondent, v VICTOR K. KIAM, Respondent-Appellant. — Order, Supreme Court, New York County (B. S. Sherman, J.), entered May 24, 1983 dismissing the complaint, is unanimously modified, on the facts and in the exercise of discretion, with costs on appeal to defendant, to the extent of directing that the complaint be dismissed unless plaintiff within 20 days after service of a copy of this order fully complies with this court's order of November 30, 1982 (90 AD2d 759), except to the extent that plaintiff may demonstrate to the satisfaction of defendant or Special Term that it is unable to produce certain documents, and in the event plaintiff does so comply, the motion to dismiss the complaint shall be denied. Appeal from order, Supreme Court, New York County (B. S. Sherman, J.), entered April 8, 1983 is dismissed, without costs, as subsumed under the order of May 24, 1983. On the record before it, Special Term was correct in making both the orders appealed from. The order of this court dated November 30, 1982 was unconditional, and cannot now be avoided by the offer of a stipulation unacceptable to defendant, and which was not offered by plaintiff before the determination of the appeal. However, during the pendency of the appeal from the order of April 8, 1983 and within the time allowed by Special Term for compliance, plaintiff applied to this court for a stay of that order; this court granted such a stay on the same date as the order of May 24, 1983 was entered. Implicit in the grant of the stay was the excusal of plaintiff from complying with the disclosure order appealed from until determination of the appeal. Accordingly, in order to give full effect to that stay order, we extend to plaintiff a further opportunity to comply. Plaintiff states that it has assembled some of the documents called for, but as to others, after search, is unable to locate them

and therefore unable to produce them. As to such documents, plaintiff may furnish an affidavit to defendant's attorney stating that after good faith and diligent search it has been unable to locate such documents. If defendant is not satisfied that plaintiff is unable to locate or produce such documents, the matter may be submitted to Special Term for determination. Concur — Murphy, P. J., Sandler, Silverman, Fein and Kassal, JJ.