■ THEODORE HALKEDIS et al., Plaintiffs, v TWO EAST END AVENUE APARTMENT CORPORATION, Defendant and Third-Party Plaintiff-Respondent. ROCKROSE DEVELOPMENT CORP., Third-Party Defendant-Appellant.—Order, Supreme Court, New York County (Myriam Altman, J.), entered September 14, 1987, which denied third-party defendant-appellant's motion to dismiss the third-party complaint on the grounds of prior settlement and release, reversed, on the law, and the motion granted, without costs.

The third-party complaint of the cooperative apartment corporation which seeks indemnification from third-party defendant Rockrose Development Corp. (Rockrose) must be dismissed. The 1982 settlement agreement, which specifically contemplated further litigation by plaintiff herein, Theodore Halkedis, provides that: "If Halkedis hereafter commences an action against plaintiff [the cooperative corporation] complaining of its execution of the general release annexed as Exhibit A or its settlement of the instant action, then in such event, defendant Rockrose hereby agrees (a) to indemnify plaintiff against the costs or expenses plaintiff may incur in such action, and (b) to indemnify plaintiff for the portion of any judgment or settlement plaintiff is required to pay in such action which is attributable to latent or patent defects or conditions which existed in the premises on or before May 11, 1979". The above-cited provision is the only exception in the settlement agreement to the covenant whereby the cooperative corporation agreed not to assert any demand, claim or suit against Rockrose arising out of litigation brought by "any past, present or future tenant-shareholder" of the corporation.

In 1985, Halkedis instituted an action against the cooperative corporation complaining of defects in the condition of the

triplex penthouse which he had purchased in 1979. The Halkedis' complaint, however, nowhere refers to Rockrose, the general release or the 1982 settlement. Nevertheless, the cooperative corporation commenced a third-party action against Rockrose seeking indemnification. In rejecting Rockrose's motion to dismiss the third-party complaint, Supreme Court found that the above-cited indemnification provision was ambiguous, although the court did not specify of what the ambiguity consisted. We, however, find no ambiguity in this provision of the settlement agreement.

Respondent's arguments as to the "real intent" of the parties cannot contravene the express intent set forth in the written agreement and the court may not, under the guise of interpretation, make a new contract or "change the words of a written contract so as to make it express the real intention of the parties if to do so would contradict the clearly expressed language of the contract" *(Rodolitz v Neptune Paper Prods.,* 22 NY2d 383, 386 [1968]). Nor should the court read into the Halkedis complaint a cause of action premised on the execution of the general release or the settlement of the 1982 litigation which would trigger the indemnification provision. None of the four causes of action asserted by Halkedis requires proof that the settlement or general release caused or contributed to losses allegedly incurred. The cooperative corporation's dealings with Rockrose are irrelevant to Halkedis' claims that: the corporation made certain representations and warranties regarding the condition of the premises and maintenance of the building as a "luxury class" residence; the corporation knew or should have known at the closing in 1979 that these representations were untrue; the corporation breached contractual and statutory warranties by failing to correct the defective conditions after it had notice of them.

Having executed the general release in favor of Rockrose, the cooperative corporation may not now assert its common-law right to indemnification or contribution *(Woolworth Co. v Southbridge Towers,* 101 AD2d 434 [1st Dept 1984]). Appellant's motion to dismiss the third-party complaint should, therefore, have been granted. Concur—Ross, Kassal and Rosenberger, JJ.

Kupferman, J. P., and Ellerin, J., dissent in a memorandum by Kupferman, J. P., as follows: I would affirm for the reasons stated by Altman, J. There would be no point in the settlement provision if it could not be considered to cover the situation here.