■ ANANTA GROUP, LTD., Appellant, v Moss SHAMASK, LTD., Respondent.—Order, Supreme Court, New York County (Diane A. Lebedeff, J.), entered October 22, 1991, which granted defendant's motion for summary judgment and denied plaintiff's cross-motion for summary judgment, unanimously affirmed, with costs.

A review of the Licensing Representation Agreement between the parties demonstrates that plaintiff is not entitled to receive any commission for the assignment and sale of the "Shamask" trademark and goodwill to Mitsukoshi (U.S.A.) Inc. The agreement being unambiguous and clear on its face, affidavits purporting to evidence the intention of the parties "cannot contravene the express intent set forth in the written agreement" *(Halkedis v Two E. End Ave. Apt. Corp.*, 137 AD2d 452, 453, *affd* 72 NY2d 933). Finally, the distinction between a "sale" and a "license" is not only obvious from the words' inherent meanings but also from their usage in the respective contracts. Concur—Ellerin, J. P., Asch, Kassal and Smith, JJ.

■ JAMES SNYDER, Respondent, v CBS, INC., Appellant.— Order, Supreme Court, New York County (Shirley Fingerhood, J.), entered May 29, 1991, which vacated plaintiff's CPLR 3120 notice, unanimously affirmed, without costs. Defendant's appeal from so much of the order as denied its motion to vacate plaintiff's interrogatories, is deemed withdrawn, without costs.

We agree with the IAS court that depositions would serve to facilitate the identification of documents sought by plaintiff, and should precede resort to discovery and inspection, particularly where, as here, the notice calls for production of "all" documents relating to broad categories of subject matters. *(Cf., Related Cos. v Bishops Servs.*, 171 AD2d 421.) Concur—Ellerin, J. P., Asch, Kassal and Smith, JJ.