■ 85TH STREET RESTAURANT CORP., Appellant, v MARTIN SANDERS, Respondent. [600 NYS2d 1] —Order of the Supreme Court, New York County (David Saxe, J.), entered October 18, 1991 which, insofar as appealed from, denied plaintiff's motion to compel arbitration and denied plaintiff's motion for an order enjoining defendant from serving further notices of default, unanimously modified, on the law, to the extent of

granting the motion to enjoin service of further notices to cure defaults pursuant to the lease and, except as so modified, affirmed, without costs. Plaintiff may renew its application to compel arbitration upon a determination that the method prescribed in paragraph 7 (a) of the subject lease must be used to determine the rent for the renewal period.

Order of the same court and Justice, entered February 13, 1992 which, insofar as appealed from, denied plaintiff's motion for summary judgment dismissing defendant's counterclaim and granted defendant's cross-motion for summary judgment to the extent of declaring that, pursuant to the lease between the parties, defendant has an absolute right at his option to elect either "Method A" or "Method B" under the lease to calculate the rent for the renewal period, unanimously modified, on the law, to the extent of denying plaintiff's motion for summary judgment and, except as so modified, affirmed, without costs.

The appeal from the order of the same court and Justice, entered March 26, 1992 which, insofar as appealed from, denied plaintiff's motion for renewal of that branch of the first motion seeking an order compelling arbitration and enjoining defendant's notices of default, is dismissed as academic, without costs.

Order of the same court (Walter Schackman, J.), entered June 12, 1992 which, insofar as appealed from, denied plaintiff's cross motion for a CPLR article 31 order of protection, unanimously reversed, on the law and the facts and in the exercise of discretion, and the protective order granted, without costs.

Plaintiff-appellant has occupied the subject premises since 1966 as the assignee under a lease, signed in 1928 and renewed in 1949, between plaintiff's assignor and defendant's predecessor in interest. A 1970 lease renewal and extension agreement executed by the parties declares that paragraphs 2, 3, 5, 9 and 10 of the lease are "deemed cancelled and annulled". In dispute is which of two methods, (a) or (b), is to be used to determine the amount of the rent to be paid during the lease renewal period. Paragraph 8 of the lease grants defendant landlord the option to employ either method (a) or method (b), which are detailed in paragraph 7 of the lease. However, method (b) makes reference to the terms "net annual fixed rent" and "net annual operating profits" which are defined in paragraphs 2 and 3 of the lease, provisions "deemed cancelled and annulled" by the parties' 1970 lease renewal and extension agreement.

Following a dispute with respect to a certain valuation required under method (a), defendant purported to elect method (b) and thereafter served plaintiff with notices to cure based on the tenant's failure to provide information essential to that calculation. Defendant also served plaintiff with a notice to produce documents concerning plaintiff's business and income. The orders appealed from declare that defendant landlord has the right to elect the method of rent calculation for the lease renewal period, to obtain relevant information and to serve tenant with notices of default for failure to supply it.

It is unclear whether the parties, by annulling certain provisions of the lease, intended to eliminate the method prescribed by paragraph 7 (b) as a means to determine the rent for the lease renewal period. Paragraph 8 grants the landlord the option of employing this method. However, the annulment of paragraphs 2 and 3, defining terms essential to the calculation of rent under method (b), suggests that it was abandoned. It cannot be said that these definitions remain a part of the lease without rendering the provisions of the 1970 agreement annulling these paragraphs meaningless, a result which is to be avoided *(Two Guys from Harrison v S.F.R. Realty Assocs.,* 63 NY2d 396, 403).

However, neither have the parties explicitly agreed that method (b) is no longer available to the landlord. Were that their intent, it would have been a simple matter to include such a provision *(Slamow v Del Col,* 174 AD2d 725, 726, *affd* 79 NY2d 1016; *Allyn v Allyn,* 163 AD2d 665, 666, *lv denied and appeal dismissed* 76 NY2d 1005, *lv denied* 77 NY2d 806; *compare, Imperial Outfitters to Large Men v Genesco, Inc.,* 95 AD2d 755, *affd* 68 NY2d 732). This Court will not rewrite the terms of an agreement under the guise of interpretation *(Halkedis v Two E. End Ave. Apt. Corp.,* 137 AD2d 452, 453, *affd* 72 NY2d 933).

Summary judgment is appropriate only where the intent of the parties can be ascertained from the face of their agreement *(see, Pharmaceutical Horizons v Sterling Drug,* 127 AD2d 514, 515, *lv dismissed* 69 NY2d 984), and where determination of that intent requires resort to extrinsic evidence, summary judgment must be denied *(Mallad Constr. Corp. v County Fed. Sav. & Loan Assn.,* 32 NY2d 285, 291; *IBM Credit Fin. Corp. v Mazda Motor Mfg. [USA] Corp.,* 152 AD2d 451, 452).

In the absence of a demonstrated right to elect method (b) to calculate the rent for the renewal lease period, defendant

cannot require plaintiff to furnish information necessary to that calculation. This holding finds analogy in the rule that a party seeking an accounting may not employ pre-trial discovery to obtain financial information before the right to the accounting has been established (*LSY Intl. v Kerzner*, 140 AD2d 256; *Equities Holding Co. v Kiam*, 90 AD2d 759). Plaintiff is therefore entitled to a protective order pursuant to CPLR 3103 and to an injunction against defendant's issuance of notices to cure on this ground. Concur—Sullivan, J. P., Milonas, Ross, Kassal and Rubin, JJ.