[937 NYS2d 199]

Maxine Company, Inc., Appellant, v Brink's Global Services USA, Inc., Respondent.

First Department, January 26, 2012

APPEARANCES OF COUNSEL

*Nelson, Levine, de Luca & Horst, LLC,* New York City (*Erika C. Aljens* and *Kevin T. Levine,* of the bar of the Commonwealth of Pennsylvania, admitted pro hac vice, of counsel), for appellant.

*Warshaw Burstein Cohen Schlesinger & Kuh, LLP,* New York City (*Linda Genero Sklaren* of counsel), for respondent.

## OPINION OF THE COURT

Tom, J.P.

On appeal from the summary dismissal of the complaint, plaintiff, which shipped valuable jewelry with defendant, contends that the contract of carriage is ambiguous, particularly with respect to the term "fragile." Whether that term is precisely defined in the contract is immaterial to the construction of the instrument since the contract designates *all* jewelry as fragile for the purpose of Brink's liability for damage sustained by transported merchandise.

The complaint describes plaintiff as a jewelry retailer and alleges that, on or about November 16, 2004, Brink's picked up a shipment consisting of 157 ornate pieces of handmade jewelry from plaintiff's New York City facility for delivery to the Nieman Marcus department store in McLean, Virginia. The items were contained in a soft-sided rolling suitcase, and the waybill lists a declared value of $2 million. Plaintiff's invoices, however, place a retail value on the merchandise of $6,627,868, and plaintiff's principal placed the wholesale value at half that amount. It is uncontested that, while in transport, the shipment was damaged, resulting in 23 pieces being unrepairable, for which plaintiff seeks $631,900 at wholesale prices, and 26 pieces requiring repairs, for which plaintiff seeks $100,000. On defendant's motion, Supreme Court held that the action was barred by the terms of the contract and dismissed the complaint (27 Misc 3d 1221[A], 2010 NY Slip Op 50821[U] [2010]).

Plaintiff contends that the contract's liability provisions are ambiguous, particularly article X—which limits Brink's liability to the carrier's loss of a shipment, not any damage that the shipment might sustain while in transport, should the shipper "fail to identify a fragile item and pay additional charges if required by Brink's." It is undisputed that plaintiff did not

identify as fragile any of the jewelry it shipped. Plaintiff, however, contends that the jewelry was not necessarily fragile and suggests that the term, which is undefined in the contract, is vague. Thus, it maintains, the meaning intended to be ascribed by the parties to the term "fragile" presents a material question of fact precluding summary judgment.

Plaintiff's argument is without merit. Jewelry is expressly included in those items deemed to be fragile for the purpose of Brink's liability for damage sustained by goods during shipment. Article X of the contract contains various exclusions from liability, providing, inter alia, that Brink's will not be directly or indirectly responsible for specified occurrences, including in pertinent part: "BREAKAGE of statuary, marble, glassware, 'bric-a-brac', porcelain, decorative items including jewelry and similar fragile articles unless this breakage is caused by [instrumentalities not pertinent to this matter]." Plaintiff argues that it is inaccurate to include jewelry in the list because not all articles of jewelry are fragile. Further, it argues that the list of articles deemed to be fragile is "buried" in a contract that is printed in very small type. Without citation to any statutory provision that is violated by the form of the contract, plaintiff asks this Court to ignore the provision, thereby permitting it to avoid the contractual limitation on recovery for breakage.

Article X is entitled "BRINK'S LIABILITY; DECLARED VALUE LIMITS; LIMITATIONS ON BRINK'S LIABILITY," and plaintiff can hardly profess surprise that it contains, among other things, a limitation on liability for breakage. Plaintiff purports to find the explicit exclusion of "decorative items including jewelry" to be unclear, arguing that it is uncertain whether the phrase "similar fragile articles" refers to "jewelry," or "decorative items," or whether it limits application of the exclusion to only the listed items that are actually fragile.

As a matter of common usage, a list of entities stated in the conjunctive is set off by commas, with the last entity preceded by the word "and," as in "a, b, c and d." The provision at issue reads, "BREAKAGE of statuary, marble, glassware, 'bric-a-brac', porcelain, decorative items including jewelry and similar fragile articles." In order for the phrase "similar fragile articles" to refer only to "decorative items" or "jewelry," the provision would have to read, "BREAKAGE of statuary, marble, . . . porcelain *and* decorative items including jewelry and similar fragile articles." To limit the exclusion to listed items that are

actually fragile, the provision would read, "BREAKAGE of *fragile* statuary, marble . . . porcelain *and* decorative items including jewelry and similar fragile articles." Appearing between the final comma and the conjunction, the phrase "decorative items including jewelry" is obviously intended to be a single entity in a list of articles deemed to be fragile for which recovery is limited to loss of (and not damage to) those articles. It should be apparent that had Brink's intended to convey any of the several meanings sought to be ascribed to the provision by plaintiff, such effect could easily have been achieved by a modest change in language.

Whether particular articles are actually fragile is material under the contract only if they are not included in the list of items deemed to be fragile. If an item were required to be fragile to be subject to the limitation on recovery, the list of specific items to which the limitation applies would be rendered surplusage, in contravention of well established rules of contract interpretation (*see Ruttenberg v Davidge Data Sys. Corp.*, 215 AD2d 191, 195-196 [1995]). As the Court of Appeals has noted, where an item is explicitly identified, it is unnecessary to decide whether it should be considered to be included within a class of similar items (*see e.g. Broggy v Rockefeller Group, Inc.*, 8 NY3d 675, 680 [2007] [" 'cleaning' is expressly afforded protection under (Labor Law) section 240 (1) whether or not incidental to any other enumerated activity"]). That a slab of marble or a bronze statue might not be fragile, as plaintiff argues, is not at issue since both are specified items for which the contract excludes liability for breakage. Thus, the terms of the contract are clear and definitive, and, under the law of either New York or Connecticut, its interpretation presents a matter of law for the court (*West, Weir & Bartel v Mary Carter Paint Co.*, 25 NY2d 535, 540 [1969]; *Best Friends Pet Care, Inc. v Design Learned, Inc.*, 77 Conn App 167, 176, 823 A2d 329, 335 [2003]).

This Court cannot simply ignore the exclusion of liability provision as plaintiff urges. It is settled law that a contract must be construed to give effect to each and every part (*see Two Guys from Harrison-N.Y. v S.F.R. Realty Assoc.*, 63 NY2d 396, 403 [1984]; *Laba v Carey*, 29 NY2d 302, 308 [1971]). Nor can a court "rewrite the terms of an agreement under the guise of interpretation" (*85th St. Rest. Corp. v Sanders*, 194 AD2d 324, 326 [1993]; *see Vermont Teddy Bear Co. v 538 Madison Realty Co.*, 1 NY3d 470, 475 [2004]). Plaintiff cites no authority suggesting that Connecticut courts would apply different criteria to the construction of a contract.

Fairly read, the contract of carriage gives the shipper two distinct options: (1) disclose fragile items, including those listed in the subject exclusion provision, and pay an additional fee for special handling or (2) ship the merchandise at the regular rate and accept the contractual limitation restricting recovery to damages occasioned by loss of the shipment by the carrier.

Because plaintiff failed to identify the subject jewelry as fragile and pay the special handling fee, and because the contract deems all jewelry to be fragile, the contractual limitation applies and Brink's is not liable for the damage to the jewelry.

In view of the foregoing determination, it is unnecessary to reach Brink's other arguments for avoiding liability—namely, the adequacy of its packaging for shipment and the substantial understatement of the value of the merchandise.

Accordingly, the order of the Supreme Court, New York County (Eileen Bransten, J.), entered April 23, 2010, granting defendant's motion for summary judgment and dismissing the complaint, should be affirmed, with costs.

FRIEDMAN, ACOSTA, RENWICK and DEGRASSE, JJ., concur with TOM, J.P.

Order, Supreme Court, New York County, entered April 23, 2010, affirmed, with costs.