Advanced Aerofoil Tech., AG v MissionPoint Capital Partners LLC (2019 NY Slip Op 01664)





Advanced Aerofoil Tech., AG v MissionPoint Capital Partners LLC


2019 NY Slip Op 01664


Decided on March 7, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 7, 2019

Friedman, J.P., Sweeny, Richter, Oing, Moulton, JJ.


650109/14 8644 8643

[*1]Advanced Aerofoil Technologies, AG, Plaintiff-Respondent-Appellant,
v
MissionPoint Capital Partners LLC, Defendant-Appellant-Respondent.


Law Office of William F. Sheehan, Barnesville, MD (William F. Sheehan, of the bar of the District of Columbia and the State of Maryland, admitted pro hac vice, of counsel), for appellant-respondent.
Grasso Bass P.C., Hinsdale, IL (Gary A. Grasso, of the bar of the State of Illinois, admitted pro hac vice, of counsel), for respondent-appellant.



Orders, Supreme Court, New York County (Eileen Bransten, J.), entered May 7, 2018, and on or about August 17, 2018, to the extent they denied both parties summary judgment on the issue of whether Charles Byrd and Daniel Abbasi were acting as defendant's "representatives," within the meaning of the parties' non-disclosure agreement (NDA) at the time they directly or indirectly solicited plaintiff's employees, unanimously affirmed, with costs.
Section 10 of the NDA provides in relevant part that "[f]or the two-year period following the date of this agreement, no Party nor any [of] its Representatives shall, directly or indirectly, knowingly solicit for hire or engagement, or knowingly hire or engage, any individual who is now or was during the six months prior to such proposed solicitation, hire, or engagement, engaged or employed by any of the other Parties or any of its Affiliates." The term "Representatives" is defined under NDA section 2 as "Affiliates," who are "directors, officers and employees" of a party and "Advisors," who are "accountants, attorneys and other confidential advisors."
Defendant argues that it should not be held liable for former employees Abbasi and Byrd, who acted on their own behalf, without defendant's knowledge, and against its interest (see Maxine Co., Inc. v Brink's Global Servs. USA, Inc., 94 AD3d 53, 56 [1st Dept 2012]).
Several factual issues present here should await disposition at trial, especially since summary judgment is a drastic remedy, "which should only be granted where there is no doubt as to the existence of a triable issue of fact" (Ellenberg Morgan Corp. v Hard Rock Café Assoc., 116 AD2d 266, 270 [1st Dept 1986]). Abbasi and Byrd were identified on defendant's website as "technical advisors," during the relevant time period, which, combined with testimony provided by defendant's co-founder that Byrd may have been working on investment [*2]opportunities to bring to defendant, raises issues of fact as to whether he was a "confidential advisor" within the meaning of the NDA.
We have considered the parties' remaining contentions, and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 7, 2019
CLERK