## Bloom Eyelash Extensions Inc. v Zhenzhen Tu

2025 NY Slip Op 31456(U)

April 23, 2025

Supreme Court, New York County

Docket Number: Index No. 150554/2025

Judge: Mary V. Rosado

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:   **HON. MARY V. ROSADO**                                   PART          **33M**

*Justice*

-----------------------------------------------------------------------X

BLOOM EYELASH EXTENSIONS INC.,

|                                    |                           |
| --- | --- |
| INDEX NO.                          | 150554/2025               |
| MOTION DATE                        | 01/15/2025                |
| MOTION SEQ. NO.                    | 001                       |

Plaintiff,

- v -

ZHENZHEN TU, CICI LASH & LIFT NYC

Defendant.

-----------------------------------------------------------------------X

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 27, 28, 29

were read on this motion to/for                INJUNCTION/RESTRAINING ORDER            .

Upon the foregoing documents, and after oral argument, which took place on February 25, 2025, where Rina Milos, Esq. appeared for Plaintiff Bloom Eyelash Extensions Inc. ("Plaintiff") and Renee M. Wong, Esq. appeared for Defendants Zhenzhen Tu ("Tu") and Cici Lash & Lift NYC ("Cici") collectively ("Defendants"), Plaintiff's motion for a preliminary injunction is denied.

## I.    Background

According to a contract dated October 28, 2024, Plaintiff Bloom Eyelash Extensions Inc. purchased the business known as Bloom Lash, Inc. located at 119 West 23rd Street, #703, New York, New York, from non-party Bloom Lash Inc. (NYSCEF Doc. 10). Defendant Tu signed on behalf of the non-party Bloom Lash Inc. (*Id.*). The contract contained a covenant not to compete, which states "the seller and its principles (*sic.*), shall not participate in any way, directly or indirectly in a bakery business (*sic.*) similar to that herein sold to buyer anywhere 10 blocks in neither (*sic.*) direction of the present location. For a term of 2 years from the date of sale." (*Id.* at

**150554/2025   BLOOM EYELASH EXTENSIONS INC. vs. TU, ZHENZHEN ET AL**                **Page 1 of 4**
**Motion No.  001**

1 of 4

[* 1]

¶ 25). Plaintiff alleges that Tu is now working at Cici as an eyelash technician in violation of the contract and alleges that Tu has diverted her former customers to Cici's business.

Plaintiff now asks this Court to issue a preliminary injunction "directing the defendants and their employees from soliciting, contacting and calling their former customers from the business premises sold and from soliciting plaintiff's customers" and seeking disclosure of all customers "they had involvement after the business sold to the plaintiff including the names, mailing and email address and phone numbers of the customers" (NYSCEF Doc. 13). Plaintiff also requests defendants "to account to plaintiff for all business obtained, and monies collected and received through such solicitations and communications." Defendants oppose Plaintiff's request for injunctive relief.

## II.    Discussion

It is well established that "[t]o obtain a preliminary injunction, the movant 'must demonstrate a probability of a success on the merits, danger of irreparable injury in the absence of an injunction and a balance of equities in its favor'" (*Avenue A Associates LP v Board of Managers of Hearth House Condominium*, 190 AD3d 473, 473 [1st Dept 2021] quoting *Nobu Next Door, LLC v Fine Arts Hous., Inc.*, 4 NY3d 839, 840 [2005]). These elements must be shown by clear and convincing evidence (*Kazantis v Cascade Funding RM1 Acquisitions Grantor Trust*, 217 AD3d 410, 412 [1st Dept 2023]).

The enforcement of a restrictive covenant regarding the sale of business will only be enforced to the extent it is "reasonable" (*Weiser LLP v Coopersmith*, 74 AD3d 465, 468 [1st Dept 2010]). Moreover, it is axiomatic that "when interpreting a contract, words and phrases used by the parties must be given their plain meaning" (*DDS Partners, LLC v Celenza*, 6 AD3d 347, 348 [1st Dept 2004]).

150554/2025   BLOOM EYELASH EXTENSIONS INC. vs. TU, ZHENZHEN ET AL                     Page 2 of 4
Motion No.  001

[* 2]                                          2 of 4

Plaintiff's motion for injunctive relief is denied. Plaintiff has failed to show a likelihood of success on the merits.[1] As a preliminary matter, Defendant Cici is not a party to the contract which forms the basis of Plaintiff's request for injunctive relief, and therefore the non-compete provision cannot be enforced against it (*see, e.g. Tutor Perini Building Corp. v Port Auth. of N.Y. and NJ.*, 191 AD3d 569, 570 [1st Dept 2021] [privity required to support a breach of contract claim]). Nor is there any evidence that Cici is owned by a former principal of Bloom Lash Inc.

As to Defendant Tu, the non-compete clause states she agreed not to open a "bakery business." Although Plaintiff alleges nine causes of action in her complaint, reformation of contract is not one of them (*see* NYSCEF Doc. 1). Interpreting the contract according to the plain meaning of the words used by the parties, Defendant Tu has not opened a bakery in violation of the non-compete clause. Absent a cause of action seeking reformation of the contract, this Court may not *sua sponte* read into the non-compete clause terms not included by the parties (*Maxine Co., Inc. v Brinks's Global Services USA, Inc.*, 94 AD3d 53, 56 [1st Dept 2012] [court cannot "rewrite the terms of an agreement under the guise of interpretation"] quoting 85th *St. Rest. Corp. v Sanders*, 194 AD2d 324, 326 [1993]). This rule is even more strongly applied in commercial contracts negotiated by sophisticated and counseled businesspeople (*Bank of N.Y. Mellon v WMC Mortgage, LLC*, 136 AD3d 1, 6 [1st Dept 2015]). Therefore, Plaintiff's motion for injunctive relief is denied.

Accordingly, it is hereby,

ORDERED that Plaintiff's motion for injunctive relief is denied; and it is further

---

[1] Plaintiff has improperly introduced evidence of text messages for the first time on reply, and therefore the text messages are not considered (*Simon v FrancInvest, S.A.*, 192 AD3d 565, 569 [1st Dept 2021] [[argument raised for the first time in a reply brief, when other party has no chance to respond, should not be considered]).

**150554/2025   BLOOM EYELASH EXTENSIONS INC. vs. TU, ZHENZHEN ET AL**                **Page 3 of 4**
**Motion No. 001**

ORDERED that within ten days, counsel for Defendants shall serve a copy of this Decision and Order, with notice of entry, on all parties via NYSCEF.

This constitutes the Decision and Order of the Court.

| 4/23/2025 | | |
|---|---|---|
| **DATE** | | **HON. MARY V. ROSADO, J.S.C.** |

| CHECK ONE: | ☐ CASE DISPOSED | ☒ NON-FINAL DISPOSITION | |
|---|---|---|---|
| | ☐ GRANTED ☒ DENIED | ☐ GRANTED IN PART | ☐ OTHER |
| APPLICATION: | ☐ SETTLE ORDER | ☐ SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | ☐ INCLUDES TRANSFER/REASSIGN | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |

150554/2025   BLOOM EYELASH EXTENSIONS INC. vs. TU, ZHENZHEN ET AL
Page 4 of 4
Motion No. 001

4 of 4