<table>
<tr><td align="center"><strong>CJJ Cleaning Servs. Inc. v East Harlem Tutorial Program, Inc.</strong></td></tr>
<tr><td align="center">2026 NY Slip Op 30892(U)</td></tr>
<tr><td align="center">March 9, 2026</td></tr>
<tr><td align="center">Supreme Court, New York County</td></tr>
<tr><td align="center">Docket Number: Index No. 154963/2025</td></tr>
<tr><td align="center">Judge: Phaedra F. Perry-Bond</td></tr>
<tr><td align="center">Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.</td></tr>
<tr><td align="center">This opinion is uncorrected and not selected for official publication.</td></tr>
</table>

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    **HON. PHAEDRA F. PERRY-BOND**      PART      35

*Justice*

-------------------------------------------------------------------------X

CJJ CLEANING SERVICES INC.

           Plaintiff,

       - v -

EAST HARLEM TUTORIAL PROGRAM, INC.,

           Defendant.

-------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 154963/2025 |
| MOTION DATE | 06/16/2025 |
| MOTION SEQ. NO. | 002 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 002) 10, 11, 12, 13, 14, 15, 16, 17, 18, 19

were read on this motion to/for                 DISMISS            .

Upon the foregoing documents, Defendant's motion to dismiss pursuant to CPLR 3211(a)(1) and (a)(7) is granted.

In 2022, Plaintiff and Defendant entered three separate service agreements (the "Agreements") whereby Plaintiff provided Defendant with janitorial services at different educational facilities operated by Defendant. According to the Agreements, they could be terminated for cause by giving Plaintiff at least three days' notice or without cause by giving at least 30 days' written notice. Allegedly, at an in-person meeting in March of 2023, Defendant told Plaintiff it would no longer honor its contractual obligations beginning in July 1, 2023. According to plaintiff, this constituted a premature and unilateral termination. Plaintiff now sues for breach of contract. Defendant moves to dismiss arguing that the Agreements do not require written notice for termination so long as 30 days' notice is given, and Plaintiff concedes that they were given at last 30 days' notice. In opposition, Plaintiff argues that the Agreements required the 30 days' notice be written as opposed to verbal.

**154963/2025 CJJ CLEANING SERVICES INC. vs. EAST HARLEM TUTORIAL PROGRAM, INC.**      Page 1 of 4
**Motion No. 002**

1 of 4

[* 1]

When reviewing a pre-answer motion to dismiss for failure to state a claim, the Court must give the Plaintiff the benefit of all favorable inferences which may be drawn from the pleadings (*Sassi v Mobile Life Support Services, Inc.*, 37 NY3d 236, 239 [2021]). However, conclusory allegations or bare legal conclusions with no factual specificity are insufficient (*Godfrey v Spano*, 13 NY3d 358, 373 [2009]). A motion to dismiss for failure to state a claim will be granted if the factual allegations do not allow for an enforceable right of recovery (*Connaughton v Chipotle Mexican Grill, Inc.,* 29 NY3d 137, 142 [2017]). A motion to dismiss based on documentary evidence is appropriately granted when the documentary evidence utterly refutes the plaintiff's factual allegations, conclusively establishing a defense as a matter of law (*Goshen v Mutual Life Ins. Co. of New York*, 98 NY2d 314 [2002]).

"Contracts must be read as a whole, and all terms of a contract must be harmonized whenever reasonably possible" (*see, e.g. Teliman Holding Corp. v VCW Associates*, 211 AD3d 499 [1st Dept 2022] quoting *Madison Hudson Assocs. LLC v* Neumann, 44 AD3d 473, 480 [1st Dept 2007]). When interpreting a contract, the Court should adopt the interpretation that gives each provision force and effect (*Isaacs v Westchester Wood Works, Inc.*, 278 AD2d 184, 185 [1st Dept 2000]). In other words, courts should interpret contracts in such a way that avoids rendering certain provisions as empty surplusage (*see 333 Johnson LLC v Maple 333 Johnson Member, LLC*, 237 AD3d 456, 459 [1st Dept 2025]).

The language of the Agreements conclusively show they were properly terminated. Specifically, the Agreements provide:

> "The Contract Holder may terminate this Agreement (I) for "cause" by giving the Contractor not less than three (3) days prior written notice, and (ii) **for any other reason or no reason (without "cause") by giving the Contractor at least thirty (30) days prior notice**….(*see* NYSCEF Docs. 12-14 at ¶ 1501) (emphasis added).

**154963/2025   CJJ CLEANING SERVICES INC. vs. EAST HARLEM TUTORIAL PROGRAM, INC.**          **Page 2 of 4**
**Motion No.  002**

2 of 4

[* 2]

While the parties agreed that termination for cause required written notice, there is no similar requirement for termination without cause to be provided via written notice. Instead, the parties stated termination without cause simply needed to be made with "at least thirty (30) days prior notice" – the Court must follow the plain language of the contract and find the parties decided to exclude the word "written" in the clause detailing the notice required to terminate without cause (*Maxine Co., Inc. v Brinks's Global Services USA, Inc.*, 94 AD3d 53, 56 [1st Dept 2012] [court cannot "rewrite the terms of an agreement under the guise of interpretation"] quoting *85th St. Rest. Corp. v Sanders*, 194 AD2d 324, 326 [1993]). If the parties meant "prior notice" to mean "prior written notice" then it would render the word "written" in the prior sentence in ¶ 1501 as surplusage. The Court must assume, therefore, the written notice requirement does not apply to the following sentence which simply requires "prior notice" of at least thirty days. Because there is no dispute that Plaintiff received "at least thirty (30) days prior notice" of the Agreements' termination, Plaintiff's Complaint alleging improper termination must be dismissed (*see also Red Apple Child Dev. Center v Community School Districts Two*, 303 AD2d 156, 157-158 [1st Dept 2003] ["when a contract affords a party the unqualified right to limit its life by notice of termination that right is absolute and will be upheld in accordance with its clear and unambiguous terms"]).

Moreover, there is no dispute that Plaintiff received actual notice of Defendant's intention to terminate with more than thirty days' notice, and there are no allegations or arguments set forth in opposition that Plaintiff protested at the time of receiving that notice as to the impropriety of the notice of termination (*see, e.g. Suarez v Ingalls*, 282 AD2d 599 [2d Dept 2001] [strict compliance with contract notice provisions not required where plaintiff does not claim it did not receive actual notice, or was prejudiced by the deviation]). Therefore, the motion to dismiss is granted.

**154963/2025   CJJ CLEANING SERVICES INC. vs. EAST HARLEM TUTORIAL PROGRAM, INC.**          **Page 3 of 4**
**Motion No. 002**

[* 3]                                                                3 of 4

INDEX NO. 154963/2025
RECEIVED NYSCEF: 03/10/2026

Accordingly, it is hereby,

ORDERED that Defendant's motion to dismiss is granted and the Complaint is hereby dismissed; and it is further

ORDERED that within ten days of entry, counsel for Defendant shall serve a copy of this Decision and Order, with notice of entry, on all parties via NYSCEF.

This constitutes the Decision and Order of the Court.

| 3/9/26 | HON. PHAEDRA F. PERRY-BOND, J.S.C. |
| --- | --- |
| DATE | |

| CHECK ONE: | [x] CASE DISPOSED | | [ ] NON-FINAL DISPOSITION | |
| --- | --- | --- | --- | --- |
| | [x] GRANTED | [ ] DENIED | [ ] GRANTED IN PART | [ ] OTHER |
| APPLICATION: | [ ] SETTLE ORDER | | [ ] SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | [ ] INCLUDES TRANSFER/REASSIGN | | [ ] FIDUCIARY APPOINTMENT | [ ] REFERENCE |